UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DARREN and STEPHANIE EAST**
**Plaintiffs**

**CIVIL CASE NO. _____**

versus

**JUDGE JAMES CAIN**

**STATE FARM FIRE AND CASUALTY COMPANY**
**Defendant**

**MAGISTRATE JUDGE KAY**

**ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, DARREN and STEPHANIE EAST (hereinafter "Plaintiffs"), who respectfully represent as follows:

**Parties**

1.

The parties herein are:

Plaintiffs, DARREN and STEPHANIE EAST, both individuals of the full age of majority, domiciled in Cameron Parish, Louisiana; and

Made defendant herein is STATE FARM FIRE AND CASUALTY COMPANY (hereafter "State Farm" or "defendant") a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served at 8585 Archives Avenue, Baton Rouge, LA 70809.

**Jurisdiction and Venue**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Factual Background**

3.

State Farm insured property owned by Plaintiffs located at 155 Amoco Road, Hackberry, LA 70645 under Policy No. 18E566245, which was in full force and effect on August 26, 2020.

4.

Where used herein, State Farm refers to not only the named entity but to anyone acting for or on behalf of State Farm in relation to the claims of Plaintiffs, including the employees, contractors, adjusters and agents of State Farm or anyone providing services to State Farm relating to the claims of Plaintiffs.

5.

Hurricane Laura struck the Gulf Coast including Hackberry, Louisiana from August 26- 28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the Plaintiffs' property, for several hours.

6.

Hurricane Delta struck the Gulf Coast including Hackberry, Louisiana on or about October 8, 2020, making landfall around near Cameron, Louisiana as a hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the Plaintiffs' property, for several hours.

7.

Plaintiffs' property was damaged as a result of winds and wind-driven rain from Hurricane Laura and Hurricane Delta.

8.

Plaintiffs' home received extensive damage rendering it unusable for its intended purpose as a result of Hurricane Laura and Hurricane Delta, and contents and other structures of the property sustained damage and there was debris that had to be removed.

9.

Plaintiffs initiated a claim with State Farm after Hurricane Laura and after Hurricane Delta. Plaintiffs' Hurricane Laura claim number is 1810T721L. Plaintiffs' Hurricane Delta claim number is 18-12R2-33J. State Farm has indicated that claim handling and payments have been managed under the Hurricane Laura claim.

9.

State Farm was notified of the loss caused by Hurricane Laura and was provided with satisfactory proof of Plaintiffs' loss when it was given full access to inspect all damages that the insured property without limitation on September 21, 2020. State Farm was notified of the loss caused by Hurricane Delta and was provided with satisfactory proof of Plaintiffs' loss when it was given full access to inspect all damages that the insured property without limitation on October 23, 2020.

10.

On October 10, 2020, State Farm provided their insured with a copy of an estimate which misrepresented the extent and nature of the damage to the property caused by Hurricane Laura and underestimated the amount needed to repair the property. The estimate of repairs indicated that State Farm believed the damages to the dwelling were $27,383.23 minus recoverable depreciation of $5,543.73, and minus the deductible of $19,655.00, for a net actual cash value payment of $2,184.50. The report also indicated there was $3,256.66 in damages to other structures, minus depreciation of $982.88, leaving the net claim for other structures at $2,273.78. State Farm tendered additional

payments of $750.00 and $4, 458.28 on October 10, 2020. State Farm also tendered payment in the amount of $14,586.85 on October 23, 2020 for losses related to Hurricane Delta.

11.

Plaintiffs engaged the services of a public adjustor, Strategic Claims Consultant, to complete a thorough inspection of the damage caused by Hurricane Laura and prepare an accurate, complete and correct estimate of damages. The inspection occurred on November 16, 2020. The estimate of repairs indicated the damages to the dwelling were $258,536.47 for the repair of the property. This estimate was sent to State Farm on December 18, 2020.

12.

On January 24, 2021, State Farm sent Strategic Claim Consultants correspondence indicating that State Farm has received Strategic Claim Consultants' estimate, but State Farm indicated it missed no storm damages related to Hurricane Laura. Nonetheless, State Farm tendered an additional $15,723.82 on January 24, 2021.

13.

Plaintiffs have submitted numerous estimates and invoices to State Farm, totaling well over $140,000 for repair and remediation of their home.

a. Plaintiffs sent an estimate regarding dwelling repairs to State Farm from Brimestone Construction for $72,821.

b. On July 28, 2021, Plaintiffs sent State Farm an estimate for remediation from Rainbow International of Lawrenceville for $65,046.16, and also invoices which indicate Plaintiffs have already paid $30,000 to Rainbow International for remediation work, some of which has been paid directly by Plaintiffs without the benefit of insurance proceeds.

c. Plaintiffs also submitted to State Farm on July 28, 2021 an invoice from All Seasons Air and Heat for $12,986.00.

14.

Plaintiffs, through Southeast Contents Packing & Inventory Services, have also provided proof of loss regarding damage to the contents of their home and associated storage totaling in excess of $90,000. Plaintiffs have only received $750.00 total compensation for their contents.

15.

Overall, State Farm has tendered additional funds pertaining to the dwelling, with the total amount paid by State Farm for the losses arising from Hurricanes Laura and Delta being $165,423.22. State Farm has, however, limited payments to only the Hurricane Laura claim.

16.

Plaintiffs have suffered anger, distress, humiliation, and fear, as a result of their difficulty to have work on done the home due to the delay in State Farm providing sufficient payment and doing an appropriate estimate of damages. Plaintiffs have also suffered these same damages by State Farm not tendering adequate funds for contents.

**Breach of Contract**

17.

State Farm undeniably owes Plaintiffs the amounts reflected in the satisfactory proofs of loss sent to State Farm including the Brimestone estimate, the Strategic Claim Consultants' Estimate sent on December 18, 2020, the Southeast Contents Packing & Inventory Services contents valuation, and the Rainbow International estimate sent on July 28, 2021, and accordingly State Farm has failed to unconditionally tender the amounts owed.

18.

State Farm is in breach of its obligations to Plaintiffs under the insurance policy by its refusal to pay timely the amounts owed under the policy.

19.

In addition to amounts reflected in proofs of loss already received by State Farm, Plaintiffs are entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the property, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

**Violations of La. R.S. § 22:1892 and/or § 22:1973**

20.

Louisiana Revised Statute 22:1892 obliges an insurer, such as State Farm, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

21.

Louisiana Revised Statute 22:1973 imposes on insurers, such as State Farm, in first party claims, a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds, such as Plaintiffs. Section 1973 makes any mis representation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages

sustained as a result of the breach as well as a penalty of up to two-times the damages sustained, along with applicable attorney fees and costs.

22.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured within thirty or sixty days in order to satisfy its payment obligations under the above-referenced statutes.

23.

More than thirty and sixty days elapsed since State Farm first received satisfactory proof of loss of all of Plaintiffs' claims and State Farm still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

24.

In addition to the amount of the loss owed, State Farm is also liable to Plaintiffs for a penalty of 50% of the amount due from State Farm, as well as reasonable attorney's fees and costs, based on State Farm's failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss because State Farm's failure to do so was arbitrary, capricious, or without probable cause.

25.

In addition to actual damages suffered for its violation of Louisiana Revised Statue 22:1973, State Farm is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater, plus attorney fees and costs.

WHEREFORE, after due proceedings hereon, Plaintiffs, DARREN and STEPHANIE EAST, pray for judgment in her favor against Defendant, STATE FARM INSURANCE COMPANY, finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto

Plaintiffs for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

Respectfully submitted,

**THE JOHNSON FIRM**
1400 Ryan Street
P.O. Box 849
Lake Charles, LA 70602
(337) 433-1414/Telephone
(337) 433-3234/Facsimile
kilburn@johnsonfirmla.com


**By:** *s//Kilburn S. Landry*
   **KILBURN S. LANDRY, No. 33230**
   **JOSEPH R. DRONET, No. 39868**
   *Attorneys for Plaintiffs*

**PLEASE SERVE:**

STATE FARM FIRE AND CASUALTY COMPANY
through its agent for service of process,
Louisiana Secretary of State
8585 Archives Avenue,
Baton Rouge, LA 70809.